UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-12056-GAO

FARIDA KAKAR,
Plaintiff,

v.

UNITED STATES OF AMERICA, ROBIN M. SMITH, R.N., and STEWARD GOOD
SAMARITAN MEDICAL CENTER, INC.
Defendants.

OPINION AND ORDER
September 18, 2020

O'TOOLE, S.D.J.

In this medical malpractice action the plaintiff, Farida Kakar, alleges that non-party Angela N. Aslami, an OB/GYN doctor, injured her by negligently causing a laparotomy sponge to be left inside her pelvic cavity after a cesarean section delivery in 2011. The surgery was performed at the defendant hospital, Good Samaritan Medical Center, Inc. ("Good Samaritan"). An attending nurse is also named as a defendant.

Ms. Kakar alleges that this Court has federal question jurisdiction over her claims under the Federal Torts Claims Act ("FTCA") because Dr. Aslami was an "employee of the government" within the meaning of 28 U.S.C. §§ 2671 and 1346(b). (Compl. ¶ 7 (dkt. no. 1).) The United States has moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss this action for lack of subject matter jurisdiction, contending that Dr. Aslami was not a person covered by the FTCA at the time of the surgery in question, and the United States is therefore not a proper substitute party. Consequently, the government contends, its sovereign immunity is not waived. In the absence of a viable claim against the United States, federal question jurisdiction is absent, and no other basis

for subject matter jurisdiction in this Court exists. Ms. Smith and Good Samaritan oppose this motion.[1]

"[A]s the sovereign, the United States is immune from suit without its consent." McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006) (quoting Muirhead v. Mecham, 427 F.3d 14, 17 (1st Cir. 2005)). The FTCA provides a limited waiver of sovereign immunity by allowing the United States to be sued "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The Federally Supported Health Center Assistance Act ("FSHCAA") extends this waiver to allow certain contractors of federally supported health centers, specifically including obstetricians, to be "deemed" federal employees for the purposes of coverage under the FTCA. See 42 U.S.C. §§ 233(g)(1)(A); (g)(1)(H)(5). Good Samaritan and Ms. Smith argue that Dr. Aslami was a contractor of the Brockton Neighborhood Health Center ("BNHC"), a federally supported health center, when she performed Ms. Kakar's cesarean section. Accordingly, in their view, liability for Ms. Kakar's injuries extends to the United States under the FTCA and the FSHCAA. The United States counters that Dr. Aslami was not, in fact, a contractor of BNHC at the time of the surgery.[2]

The factual record presented by the parties does not support a finding that Dr. Aslami was in a qualifying relationship with BNHC when she operated on Ms. Kakar. BNHC entered into a written physician services agreement with Dr. Aslami in mid-October 2012—approximately a year after Ms. Kakar's cesarean section. (See Mem. Supp. Def. United States' Mot. Dismiss, Ex. 1 at

---

[1] The plaintiff takes no position on the motion to dismiss.
[2] In its original answer, the United States admitted that Dr. Aslami was eligible for coverage under the Federal Torts Claims Act because she was an independent contractor of the Brockton Neighborhood Health Center, Inc., under the FSHCAA. However, the United States later filed an amended answer to deny that Dr. Aslami was a covered contractor.

17 (dkt. no. 36-1).) BNHC and Dr. Aslami purported to make the contract "effective" retroactively to June 1, 2010.[3] However, in an affidavit submitted in connection with the present controversy, the chief executive officer of BNHC asserted that Dr. Aslami was in fact neither an employee nor a contractor of BNHC in 2011. (United States' Suppl. Br. Mot. Dismiss, Ex. 1 at ¶ 3 (dkt. no. 55-1).) The 2012 contract was proposed in 2011, before the plaintiff's surgery, but it appears from the record that it was not actually executed until the following year. The contracting parties could not retroactively create a relationship that would qualify for FTCA coverage of the event. At the very least, the record is ambiguous with respect to Dr. Aslami's employment status when she operated on Ms. Kakar. The ambiguity benefits the government. See Mahon v. United States, 742 F.3d 11, 14 (1st Cir. 2014) ("courts must construe the FTCA's sovereign-immunity waiver strictly in the government's favor").[4]

For the foregoing reasons, the plaintiff's Motion to Amend Complaint to Add Party-Defendant, Angela N. Aslami, M.D., and for Leave to File First Amended Complaint (dkt. no. 32) is DENIED, and the United States' Motion to Dismiss for Lack of Jurisdiction (dkt. no. 35) is GRANTED. This action is dismissed for lack of subject matter jurisdiction.

It is SO ORDERED.

/s/ George A. O'Toole Jr.
Senior United States District Judge

---

[3] It appears that this was intended to give Dr. Aslami some retroactive benefit regarding the method of payment for services. (See Position of Defs. Robin M. Smith, R.N., and Steward Good Samaritan Medical Center, Inc. on Employment Status of Angela Aslami, M.D., Ex. 2 at 1 (dkt. no. 37-2).)

[4] The hearing was conducted by remote video access. The audio of the government's argument was marred by technical difficulties, and the Court asked the government promptly to file a brief written summary statement of its argument. The government did so the next day. (dkt. no. 60.) A day later, Dr. Aslami's counsel moved to strike the government's paper or alternatively for leave to file a response. The motion to strike (dkt. no. 61) is DENIED, but the proposed supplemental filing by Dr. Aslami is accepted. Its substance is addressed in the body of this order.